IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW COX,**            CASE NO. 4:25 CV 1000

    Petitioner,

    v.            JUDGE CHARLES E. FLEMING

**UNITED STATES,**

           **MEMORANDUM OPINION**
    Respondent.            **AND ORDER**

*Pro se* petitioner Andrew Cox is incarcerated in the Elkton Correctional Institution. He filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the District of New Jersey. For the following reasons, the Court **DISMISSES** the action.

## BACKGROUND

In 2011, Cox pleaded guilty in the District of New Jersey to six counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)(A). *See United States v. Cox*, No. 2:11 CR 0099 (D.N.J. Oct. 3, 2012). He was sentenced to 262 months in prison. The Third Circuit Court of Appeals affirmed his conviction and sentence in 2014. *See United States v. Cox*, 553 F. App'x 123, 125 (3d. Cir. 2014). In 2016, he filed a motion to vacate under 28 U.S.C. § 2255 in the District of New Jersey. *See Cox v. United States*, No. 2:16 CV 345 (D.N.J. filed Jan. 20, 2016). Nine years later, the motion remains pending. Cox has unsuccessfully challenged the delay in the District of New Jersey and the Third Circuit, which found that the case was "moving forward." *In re Cox*, 849 F. App'x 371, 372 (3d Cir. 2021) (per curiam) (denying mandamus petition).

Cox has also filed several unsuccessful § 2241 petitions in this District Court in which he sought relief from his conviction. *See Cox v. United States*, No. 4:23 CV 1329, 2023 WL 7474135, 2023 U.S. Dist. LEXIS 191982, at * 2 (N.D. Ohio July 7, 2023) (listing cases). On appeal, the Sixth Circuit Court of Appeals previously concluded that Cox was not entitled to relief. *See, e.g.*, *Cox v. United States*, No. 22-3366, 2022 WL 15526712, 2022 U.S. App. LEXIS 29723 (6th Cir. Oct. 25, 2022) (concluding that the district court lacked subject matter jurisdiction); *Cox v. United States*, No. 21-3258, 2021 WL 5237303, 2021 U.S. App. LEXIS 30621 (6th Cir. Oct. 13, 2021) (concluding that Petitioner's § 2255 remedy was not inadequate or ineffective).

Undeterred, Cox filed this petition in which he once again seeks relief from his 2011 conviction. Cox appears to argue that he is entitled to the benefit of the saving clause of § 2255 due to the unusual circumstances of the inordinate delay of the New Jersey District Court's adjudication of his § 2255 motion. He also appears to argue that the sentencing court departed from the terms of his plea agreement without providing him an opportunity to withdraw his guilty plea, and the government withheld exculpatory evidence demonstrating Cox's actual innocence.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This

Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

## DISCUSSION

Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, § 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'—those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495–96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 petition when his attempts to obtain relief under § 2255 are unsuccessful. *Id.* A prisoner may, therefore, not use § 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a § 2255 motion. *See Fuentes v. Sepanek*, No. 13-170-HRW, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing § 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

Section 2255(e), however, contains a "saving clause," which creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition. The saving clause allows a federal prisoner to challenge his conviction or sentence under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). The petitioner

bears the burden of establishing that his remedy under § 2255 is "inadequate or ineffective." *Charles*, 180 F.3d at 756.

The Supreme Court clarified that the saving clause applies only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," e.g., when the sentencing court no longer exists or "when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones v. Hendrix*, 599 U.S. 465, 474–75 (2023) (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)); *see also id.* at 474 n.2 (noting that "this sort of practical inadequacy would be highly unusual today"). The saving clause does not provide an "end-run" around the procedural limitations placed on post-conviction review by § 2255. *Jones*, 599 U.S. at 477-78.

Cox challenges his conviction in this petition; he seems to argue inordinate delay in the adjudication of his § 2255 motion, that the sentencing court denied him the opportunity to withdraw his guilty plea, and that the government withheld exculpatory evidence demonstrating his actual innocence. However, Cox has failed to demonstrate any unusual circumstances making it impossible or impracticable to seek relief in the sentencing court comparable to the examples listed in *Jones*. The fact that the sentencing court has not yet adjudicated Cox's § 2255 motion does not render the remedy under § 2255 inadequate or ineffective. *See Cox v. United States*, No. 23-3966, 2024 WL 4948683, 2024 U.S. App. LEXIS 9337 (6th Cir. Apr. 17, 2024) ("[T]he narrow circumstances in which courts have applied the saving clause give us no reason to believe that the District of New Jersey's delay in deciding Cox's § 2255 petition satisfies the saving clause's requirements."). The Court therefore lacks jurisdiction to adjudicate this petition. *See Taylor*, 990 F.3d at 499.

## CONCLUSION

Accordingly, the Court **DENIES** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DISMISSES** this action pursuant to 28 U.S.C. § 2243. Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Dated August 20, 2025**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**